Manuel Giovanny MEJIA ANGULO; Maritza Pardo Segovia; Andres Mauricio Mejia Pardo; Maria Camila Mejia Pardo, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–71932.

Agency Nos. A95–198–321, A95–198–322, A95–198–323, A95–198–324.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided March 14, 2006.

Areg Kazaryan, Law Office of Areg Kazaryan, Los Angeles, CA, for Petitioners.

CAC-District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, San Francisco, CA, Hope E. Sanders, Washington, DC, for Respondent.

Before FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM**

Lead petitioner Manuel Giovanny Mejia Angulo and his wife and children, natives and citizens of Colombia, petition for review of an order of the Board of Immigration Appeals ("BIA") dismissing their appeal from an immigration judge's ("IJ") order denying their applications for asylum and withholding of removal. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. Because the BIA adopted the IJ's decision, and added reasons of its own, we review both decisions. See Kataria v. INS, 232 F.3d 1107, 1112 (9th Cir.2000). Reviewing for substantial evidence, see Lim v. INS, 224 F.3d 929, 933 (9th Cir.2000), we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's factual determination that Mejia Angulo failed to demonstrate extraordinary or changed circumstances to excuse the untimely filing of his asylum application. See 8 U.S.C. § 1158(a)(3); Ramadan v. Gonzales, 427 F.3d 1218, 1221 (9th Cir. 2005) (holding that the court has jurisdiction to review determinations regarding the one-year asylum bar only "insofar as a petition for review raises constitutional claims or questions of law"). Mejia Angulo has waived any constitutional due process challenge to the agency's determination. See Martinez–Serrano v. INS, 94 F.3d 1256, 1259–60 (9th Cir.1996) (holding that issues raised in the statement of case but not discussed in the body of the opening brief are deemed waived).

Substantial evidence supports the agency's determination that Mejia Angulo did not establish that the Colombian government was unable or unwilling to control the Revolutionary Armed Forces of Colombia ("FARC"). As the IJ noted, Mejia Angulo testified that he did not report FARC's threats to the police. See Baballah v. Ashcroft, 367 F.3d 1067, 1078 (9th Cir.2004) (recognizing that where persecution is inflicted by non-governmental actors, it is proper to consider whether an applicant reported the incident to the police); see also Castro–Perez v. Gonzales,

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

409 F.3d 1069, 1072 (9th Cir.2005) (noting that petitioner's failure to report non-governmental persecution due to her belief that the police would do nothing was insufficient to establish the government's unwillingness or inability to control her persecutors). Consequently, the IJ properly concluded that Mejia Angulo failed to establish eligibility for withholding of removal. *See id.*

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741, 750 (9th Cir.2004).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.